IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV281-MU

| | |
|---|---|
| MOHAMAD H. KODAIMATI,<br>    Appellant, | )<br>)<br>) |
| vs. | )    ORDER<br>) |
| WARREN L. TADLOCK,<br>    Appellee. | )<br>)<br>) |

This matter is before the court upon its own motion. Appellant Mohamad D. Kodaimati filed a Notice of Appeal on June 26, 2015. The bankruptcy court order from which the appellant appealed was an order dismissing his case and barring refiling for 18 months. The bankruptcy court noted that this was the *pro se* debtor's ninth bankruptcy case in the last twelve years and the fourth case in the last three and a half years. The court found that because of the debtor's multiple cases, his failure to file the required schedules and statements in his prior cases, and the missing schedules and statement in this case, that the debtor filed this case in bad faith and that it represents an abuse of the bankruptcy process.

Under Bankruptcy Rule 8009(b), appellant had 14 days after filing his notice of appeal to file his designation of the record on appeal and statement of issues on appeal. Appellant has yet to file or serve his designation and statement of issues.

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." The Fourth Circuit has stated that "it is clear that the district

1

court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules." *In re Serra Builders, Inc.,* 970 F.2d 1309, 1311 (4th Cir. 1992). Prior to dismissal of an appeal, however, the court should consider the following factors: (1) bad faith or negligence on the part of the appellant; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that the court considered the impact of the sanction and available alternatives. *Id.*

The court finds that appellant's failure to timely file and serve a designation of the record and statement of issues to be presented on appeal is in bad faith. It is abundantly clear from the record that the *pro se* appellant seeks to abuse the bankruptcy process given his numerous filings and previous failures to file required schedules and statements in the bankruptcy court. *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (bad faith is "inferable from the overall behavior of the [debtor] throughout the procedure.")

The Court further finds that the appellant has had ample opportunity since the filing of his notice of appeal three months ago to explain his failure make the required filings. Having filed nine bankruptcy cases in the past twelve years, the appellant should be quite familiar with the bankruptcy rules. Given the appellant's history of abusive tactics, the court finds that giving the appellant the opportunity to explain such delay would not likely result in a reasonable or credible explanation and would not change the outcome of the court's decision.

The third prong of the *Serra Builders* test is satisfied because the Trustee is unable to administer and close the bankruptcy estate until this appeal is resolved. Finally, consideration of the fourth prong of the *Serra Builders* test indicates that dismissal is appropriate because any

lesser sanction would have the perverse result of rewarding appellant for his failure to comply with Bankruptcy Rule 8009. If this court imposes any sanction other than dismissal, it will countenance appellant's "abuse [of] the judicial process by creating a procedural delay without any real threat of penalty." *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990).

The record before this court establishes that appellant has failed to comply with mandatory provisions for prosecuting his appeal and dismissal is warranted. Accordingly,

IT IS THEREFORE ORDERED that this appeal is dismissed with prejudice.

Signed: September 24, 2015

Graham C. Mullen
United States District Judge